IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION


JACKIE MONTGOMERY MARTIN,

          Plaintiff,

v.                                   CIVIL ACTION NO. 6:07-cv-00014

DAVID BALLARD,

          Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the court are the respondent's Motion for Summary Judgment [Docket 8] and Motion to Dismiss [Docket 7]. On January 10, 2007, this court referred the case to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). On February 12, 2008, the Magistrate Judge filed Proposed Findings and Recommendations [Docket 15]. The petitioner filed an Objection to the Proposed Findings and Recommendations on March 13, 2008 [Docket 18].

For the reasons set forth below, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **GRANTS** the respondent's Motion for Summary Judgment [Docket 8], **DENIES** the petitioner's petition for a writ of habeas corpus [Docket 1], and **DENIES as MOOT** the respondent's Motion to Dismiss [Docket 7].

In his Objection, the petitioner "specifically objects to the Magistrate's findings and conclusion" and addresses every claim raised in his Petition for Appeal. The Court has reviewed *de novo* those portions of the Magistrate Judge's Findings and Recommendation to which the petitioner

objects, and finds that the petitioner's objections lack merit or simply restate his original claims.  I will address, however, the petitioner's argument that he was denied an impartial jury trial by the trial court's failure to give the lesser-included offense instruction for false imprisonment because although I agree with the Magistrate Judge that the petitioner is not entitled to relief under this claim, I do so for slightly different reasons.

The petitioner objects to the Magistrate Judge's finding and conclusion regarding the petitioner's right to a lesser-included offense instruction on false imprisonment.  The Magistrate Judge proposed that this court find that the petitioner was prohibited from receiving a lesser-included offense instruction because he asserted an alibi defense and there was sufficient evidence to satisfy the elements of aggravated robbery and because under West Virginia law there is no such crime as false imprisonment.  The petitioner concedes that the West Virginia legislature has not enacted a specific statute regarding false imprisonment and that no statutory penalty exists for the offense.  The petitioner argues, however, that because false imprisonment is recognized at common law, and because the common law remains in force until altered by statute, the trial court should have instructed the jury on false imprisonment as a lesser offense of kidnaping.

It is unclear to this court whether the Supreme Court of Appeals of West Virginia would recognize the common law crime of false imprisonment.  The matter is irrelevant however, because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Rather, relief is only appropriate if the omission of the lesser-included instruction resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law. The Supreme Court has not recognized a federal constitutional right to a lesser included offense instruction in a non-capital case. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980);

*Bates v. Lee*, 308 F.3d 411, 418 (4th Cir. 2002).  Accordingly, I **FIND** the state court's decision to deny the petitioner state habeas corpus relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge's well-reasoned and thorough opinion, **GRANTS** the respondent's Motion for Summary Judgment [Docket 8], **DENIES** the petitioner's petition for a writ of habeas corpus [Docket 1], and **DENIES as MOOT** the respondent's Motion to Dismiss [Docket 7].

The court **DIRECTS** the Clerk to send a certified copy of this written Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER:        March 20, 2008

Joseph R. Goodwin, Chief Judge